DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Bruce Givens, et al.,                        )
                                             )        CASE NO. 4:13 CV 1287
                Plaintiffs,                  )
                                             )
        v.                                   )        OPINION AND ORDER
                                             )
West Bend Mutual Insurance Company,          )
                                             )
                Defendant.                   )
                                             )

I. INTRODUCTION

The plaintiffs in this case are A Mother's Touch Daycare, a 24 hour daycare service

located in Youngstown, Ohio; Bruce Givens, sole owner of A Mother's Touch and owner of the

house where A Mother's Touch operated; and Nina Givens, the administrator of A Mother's

Touch.  Defendant West Bend Mutual Insurance Company issued a business coverage insurance

policy to A Mother's Touch for the time periods relevant to this case.

Plaintiffs' first amended complaint in this removed case alleges breach of contract (count

1), intentional infliction of emotional distress (count 2), loss of consortium (count 3), and bad

faith (count 4), in connection with West Bend's denial of plaintiffs' claims for two fire losses at

A Mother's Touch in April 2012.  Defendant's stated reasons for denying coverage are as

follows: 1) the policy is void because material facts were concealed or misrepresented on the

application; 2) coverage does not include dishonest or criminal acts; and 3) plaintiffs or

individuals acting on plaintiffs' behalf intentionally caused the fire.  ECF 28, par. 8.

(4:13 CV 1287)

On February 14, 2014, the parties filed a joint status report reflecting that discovery was almost complete and the parties were agreeable to mediation.  However, defendant expressed the view that a motion for summary judgment on plaintiffs' bad faith claim should be addressed first. ECF 37.

After considering the parties' status report, the Court granted leave for defendant to file a motion for summary judgment on plaintiffs' bad faith claim only.  ECF 38.  Defendant ultimately filed a summary judgment motion against plaintiffs Bruce and Nina Givens, and a separate summary judgment motion against plaintiff A Mother's Touch Daycare.  ECF 43 and 44. However, these summary judgment motions were not limited to plaintiffs' bad faith claim as required by the Court.  Accordingly, the Court granted plaintiffs' motion to strike defendant's summary judgment motions as to all claims except plaintiffs' bad faith claim.  ECF 46.

After the Court limited defendant's summary judgment motions to plaintiffs' bad faith claim, plaintiffs opposed defendant's motions (ECF 48), and defendant replied (ECF 51). Plaintiffs filed a sur-reply without leave of Court (ECF 53).

For the reasons that follow defendant's motions for summary judgment on plaintiffs' bad faith claim – count 4 – is GRANTED.

## II.  BACKGROUND FACTUAL SUMMARY

On August 11, 2011, Nina Givens contacted Christina Heed of Agency One LLC for a business coverage insurance quote for A Mother's Touch Daycare, and West Bend ultimately issued a business coverage insurance policy to A Mother's Touch as the named insured.

(4:13 CV 1287)

Ms. Heed testified, and plaintiffs do not dispute, that Nina Givens inquired on two different occasions whether Givens would be able to rebuild the daycare at a different location if the daycare were ever destroyed by fire.  Heed testified that these questions made her suspicious that a fire would occur at A Mother's Touch.

In April 2012, two fires occurred at A Mother's Touch.  Plaintiff Nina Givens, the administrator at A Mother's Touch, was the only person with a key to the house in which the daycare operated.  The first fire occurred in the early morning hours of Saturday, April 7, 2012. According to her deposition, Nina Givens was the last person to leave the daycare late Friday evening.  The daycare was closed for Easter weekend.  Nina Givens testified that at the time of the fire she was at home with her children and husband.

The Youngstown Fire Department determined the fire was intentionally set for several reasons, including: 1)  upon arriving on the scene, the fire department found all the windows and doors were secure and there was no forced entry; 2) an accelerant was used to start the fires; and 3) the there were fires in the house at three distinct locations, one of the locations being the stairs to the second floor.

On April 7, 2012, Nina Givens reported the first fire to her insurance agent.  When the insurance adjustor spoke to the Youngstown Fire Chief, he had already determined the fire was arson and the house was damaged, but not a total loss. West Bend's adjuster hired an independent adjusting firm, G4S, to handle the claim locally.

On April 10, Nina Givens met the adjuster at the property and asked if the daycare could be rebuilt at a different location if the building was a total loss.  The adjuster responded that the

3

(4:13 CV 1287)

building was repairable, and secured estimates for completing the repairs.

After the first fire, Nina Givens testified that she periodically checked on the house. When checking on the house on April 29, 2012, Nina Givens found a door leading to the basement open and smelled smoke.  She called the police, who called the fire department.  The fire department discovered a fire in the basement that had already burned itself out.  The fire department determined that the second fire was an arson, as well, because an accelerant was present and there were no possible accidental ignition sources.

After the fires, both Bruce and Nina Givens gave statements to West Bend.  There is no dispute that the Givens' income from the daycare had declined, although plaintiffs dispute the amount and effect of the decline on the Givens family.

After the adjusters completed their investigation of both fires, West Bend denied plaintiffs' claim on multiple grounds by letter dated September 12, 2012, about five months after the first fire.

### III.  APPLICABLE LAW

A.    <u>Summary Judgment Standard</u>

A motion for summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56.

4

(4:13 CV 1287)

The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir.1994).  The court must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex,* 477 U.S. at 324; *Lansing Dairy,* 39 F.3d at 1347.

The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir.2003) (quoting *Anderson,* 477 U.S. at 251–52).

B.    Duty to Act in Good Faith

In Ohio, and insurer has a duty to act in good faith in handling claims.  *Hoskins v. Aetna Life Ins.,* 6 Ohio St.3d 272 (1983).  An insurer "fails to exercise good faith in processing a claim of its insured where its refusal to pay is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, paragraph one of the syllabus  (1994).  A lack of reasonable justification exists where an insurer refuses to pay a claim in an arbitrary or capricious manner.  *Hart* v. *Republic Mut. Ins. Co.*, 152 Ohio St.

5

(4:13 CV 1287)

185, 188 (1949).  A negligent determination to deny a claim is not bad faith.  *Klein v. State Farm Fire & Cas. Co.,* 250 F.App'x 150, 156-57 (6th Cir. 2007).  If an insurer acts with "reasonable justification," there is no bad faith.  *Zoppo*, 71 Ohio St. 3d at 555.

In the case of a fire claim, if there is sufficient evidence regarding the cause of the fire such that the cause is "fairly debatable," then the denial of the claim is not arbitrary and capricious.  *Corbo Properties, Ltd. v. Seneca Ins. Co., Inc.*, 771 F. Supp.2d 877, 880 (N.D. Ohio 2011).  The "fairly debatable" test provides guidance when applying the "reasonable justification" standard.  *Id.*  Summary judgment is appropriate when, after viewing the evidence in a light most favorable to the insured, the claim was fairly debatable and the denial of the claim was based on either the status of the law at the time or the facts that gave rise to the claim.  *Id.* (quoting *Marsteller v. Security of Am. Life Ins. Co.,* 2002 WL 31086111 at *4-5 (N.D. Ohio Sept. 12, 2002)).

In order to establish a case for proper denial of an arson claim, the insurer must present sufficient evidence of three factors: 1) fire of an incendiary origin; 2) motive to cause the fire; and 3) opportunity to cause the fire. *See Caserta v. Allstate Ins.,* 14 Ohio App. 3d 167, 169 (1983); *Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir. 1992).  In this case, there is no dispute that both fires were arson.

## IV.  ANALYSIS

West Bend makes several arguments in support of its motion for summary judgment on plaintiffs' bad faith claim – count 4.  These arguments include defendant's contention that Bruce and Nina Givens cannot assert a bad faith claim because they are not a named insured, that

6

(4:13 CV 1287)

plaintiff A Mother's Touch Daycare did not assert a bad faith claim in the first amended

complaint, and that the insurance contract itself is void.  Plaintiffs disagree with all three

arguments.  However, the Court need not resolve these issues because, even assuming that Bruce

and Nina Givens can assert a bad faith claim even though they are not named insureds, and even

assuming that A Mother's Touch Daycare did assert a bad faith claim in the first amended

complaint, and even assuming that there is a valid insurance contract in place, the Court

concludes that summary judgment on plaintiffs' bad faith claims is appropriate because West

Bend had a reasonable justification for denying the claim.  Based on a cumulative series of

undisputed facts, no reasonable jury could conclude that West Bend's denial of the Givens' claim

for the two fires at A Mother's Touch Daycare lacked reasonable justification and was arbitrary

and capricious.

      First, there is no dispute that when Nina Givens applied for the insurance policy for A

Mother's Touch, she inquired of the agent on two separate occasions as to whether she could

rebuild the daycare in another location if the current location were destroyed by fire.  Nina

Givens' inquiries caused the agent to be suspicious at the time that there would be a fire at A

Mother's Touch.  In response to defendant's motion for summary judgment, plaintiffs offer

various explanations for Nina Givens' inquiries.  However, these after-the-fact explanations are

not relevant to the Court's determination of whether there is a dispute about facts available to

West Bend at the time it denied the claim.

      There is also no dispute that both fires were arson.  There was also no evidence of forced

entry, or that an entry to the daycare through a window appeared to have been staged.  Nina

(4:13 CV 1287)

Givens testified that she was the only person with the key to A Mother's Touch and that she was the last person to leave the building the night before the first fire.

There is also no dispute that after the first fire, Nina Givens inquired of the adjuster whether the daycare could be rebuilt in another location if the building was a total loss. However, the adjuster advised Givens that the building was not a total loss and could be rebuilt.

Likewise, the parties do not dispute that Givens' income from the daycare had declined. When Nina Givens first made a statement to West Bend, she described the extent of the decline as "big" – about 20%.[1]  It is also undisputed that after the fire Nina Givens inquired about payment for lost income, but was unable to provide documentation to substantiate her requests, and that her accountant lacked business records to support Givens' lost income claim.

In summary, there is no dispute that both fires were arson, and there was sufficient undisputed evidence of motive and opportunity on the part of the Givens to cause the fire.  The daycare had experienced a financial decline and plaintiffs had expressed an interest on multiple occasions in rebuilding the daycare at another location.  Nina Givens was the only person with a key to the daycare and fire officials detected no forced entry.  Based on the undisputed facts before it at the time West Bend denied coverage, there was sufficient evidence available to render the cause of the fire fairly debatable, and the Court finds that no reasonable jury could conclude

---

[1]     In an affidavit submitted with plaintiffs' opposition to defendant's motions, Nina Givens described the daycare's income decline in the range of 10-20%, but stated that such a decline would not have a significant impact on the Givens' finances. However, Nina Givens' characterization of the impact of the income decline on her family in a summary judgment affidavit is not relevant to the Court's determination as to West Bend's justification at the time it denied plaintiffs' claims.

(4:13 CV 1287)

that West Bend did not have a reasonable justification for denying plaintiffs' claim, or that the denial as arbitrary and capricious.

The test for determining whether summary judgment is appropriate on plaintiffs' bad faith claim is not whether the defendant's denial of coverage was correct.  The test is whether there was a reasonable justification for the denial, and whether the denial was arbitrary and capricious.  For the reasons set forth above, the Court finds that no reasonable jury could conclude that West Bend's denial of Givens' insurance claim was arbitrary and capricious, and defendant is entitled to summary judgment on plaintiffs' bad faith claim.

### V.  Conclusion

For the reasons stated herein, defendant West Bend's motions for summary judgment (ECF 43 and 44) on count 4 of plaintiffs' first amended complaint is GRANTED.  Count 4 of plaintiffs' first amended complaint is dismissed with prejudice.

Defendant's motions for summary judgment with respect to the balance of plaintiffs' claims in the first amended complaint have been stricken without prejudice (ECF 46), therefore this Opinion and Order fully resolves defendant's pending motions for summary judgment.

The parties earlier advised the Court that they both desire to mediate this case.  The Court previously indicated that after ruling on defendant's motion for summary judgment on plaintiffs' bad faith claim, this case would be referred to Magistrate Judge Burke for mediation.

9

(4:13 CV 1287)

Accordingly, this case is hereby referred to Magistrate Judge Burke for mediation.  The parties are required to attend all mediation conferences scheduled by Magistrate Judge Burke, and to comply with all orders issued by Magistrate Judge Burke in connection therewith.

IT IS ORDERED.

__July 1, 2014_____                                    __/s/ David D. Dowd, Jr._____
Date                                                                David D. Dowd, Jr.
                                                                       U.S. District Judge

10